(106 So. 61)

**DORLAN et al. v. MORRILL–DOYLE REALTY & INS. CO.    (I Div. 595.)**

(Court of Appeals of Alabama. May 12, 1925. Rehearing Denied Aug. 11, 1925.)

**I. Taxation ⟨=⟩104—Legislative intent held to be to levy an ad valorem tax on gross amount of commissions received by dealer in buying and selling property.**

In considering sections 4 and 5 of General Revenue Act of 1919, held that legislative intent was to levy an ad valorem tax on value of gross amount of commissions on sums charged and received by dealer in any kind of property in buying and selling.

**2. Taxation ⟨=⟩25—Legislature authorized to levy on gross amount of commissions of property dealers; immaterial whether commissions were subjects of taxation or taxable property.**

Legislature had authority to levy tax on gross amount of commissions for sums charged and received by dealers in buying and selling property, and it is immaterial whether such commissions were subject to taxation as used in section 5 of Revenue Act of 1919, or taxable property as used in sections 3, 4.

**3. Taxation ⟨=⟩363½—Legislative intent held to be that tax on commissions of real estate dealer levied in ad valorem manner should be assessed and collected as such.**

Where tax on commissions of dealer in buying and selling property was levied in manner of ad valorem property tax, it was held that legislative intent was that it should be assessed by tax assessor and board of review and collected by tax collector as such.

**4. Taxation ⟨=⟩25 — Provision of Constitution of 1875, relative to authority of Legislature in levying excise taxes, held not affected by adoption of Constitution of 1901.**

Opinion that there are no express provisions of Constitution restricting authority of Legislature in levying excise taxes, written with reference to Constitution of 1875, held not to have been affected by adoption of Constitution of 1901.

**5. Taxation ⊛⟶25—Tax levied on commissions of dealer in buying and selling property held within legislative authority, whether excise tax or an ad valorem tax.**

Whether tax levied on commissions of dealer in buying and selling property be considered an excise tax or an ad valorem tax levy is within legislative authority and therefore valid.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by the Morrill-Doyle Realty & Insurance Company against Phelan B. Dorlan and the American Surety Company of New York. From a judgment for plaintiff, defendants appeal (revived, on the death of Phelan B. Dorlan, in the name of George A. Dorlan, administrator). Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte Morrill-Doyle Realty & Insurance Co., 213 Ala. 697, 106 So. 63.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellants.

Counsel argue that the tax was validly collected and that judgment was erroneously rendered for plaintiff, but without citing authorities.

Smiths, Young, Leigh & Johnston and Stevens, McCorvey, McLeod & Goode, of Mobile, and London, Yancey & Brower, of Birmingham, for appellee.

Gross receipts and gross commissions are not taxable property, within the meaning of the Constitution and statutes relating to taxation. · Western Union v. State Board, 80 Ala. 273, 60 Am. Rep. 99; State v. Ala. F. & I. Co., 188 Ala. 487, 66 So. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; Lott v. Rose, 38 Ala. 156; Board v. A. C. R. Co., 59 Ala. 551; Goldsmith v. Mayor, etc., 120 Ala. 182, 24 So. 509; Capital City W. W. Co. v. Board of Rev., 117 Ala. 303, 23 So. 970. If gross commissions be considered as taxable property, and it be held the Legislature attempted to levy a tax thereon as property, such attempted levy is void, as violating sections 214 and 217 of the Constitution. W. U. Tel. Co., v. State Board, supra.

BRICKEN, P. J. The appellee, Morrill-Doyle Realty Company, was engaged, in the city of Mobile, county of Mobile, in the business of buying and selling real estate on commission during the year for which the taxes were assessed that form the basis of the controversy in this case. The gross amount of commissions or sums charged and received by it during such year amounted to $3,300.

The ·tax assessor and board of review of Mobile county assessed to the appellee such gross amount of commission so charged and received. This assessment, together with all other assessments made by the tax assessor and board of review for state and county, was, in the manner prescribed by law, turned over to the tax collector for collection. The tax collector, Phelan B. Dorlan, one of the appellants, made demand upon appellee, Morrill-Doyle Realty Company, for payment of such taxes, and threatened to levy upon and sell the property of said appellee for collection of such taxes, unless such taxes were presently paid. Under such compulsion the appellee paid said assessment and thereupon brought this suit to recover damages against said tax collector and the American Surety Company of New York, a corporation, surety on the bond of such tax collector, for breach of said tax collector's bond in compelling appellee to pay·such assessment. Appellee, plaintiff in the court below, claimed that the assessment was void, being an illegal assessment. The determination of this appeal is dependent upon the determination of this question· of legality of the assessment.

[1] Section 4 of the General Revenue Act of 1919 (Acts 1919, p. 284) is, for present purposes, as follows:

"There is hereby levied * * * upon the property hereinafter named, annual taxes as follows:" etc.

The property thereinafter named, upon which the levy was made, is contained in section 5 of said act. This section is in part as follows:

"The subjects of taxation, except as exempted by existing laws, shall be as follows: (a) Every piece, parcel, tract or lot of land in this state including therein all things pertaining to such land," etc.

Then follow subdivisions headed by each following letter of the alphabet down to "n." Subdivision (k), so far as affects this case, is as follows:

"(k) On the gross amount of commissions, or sums charged and received * * * by any * * * dealer in any other kind of property in buying and selling," etc.

When said two sections of the General Revenue Act of 1919 are read and considered, there can be no question, in our opinion, but that it was the legislative intent to levy an ad valorem tax, or tax by the ad valorem method, on the value of the gross amount of commissions or sums charged and received by a dealer in any kind of property in buying and selling.

If such was the legislative intent, then there was a valid levy by the Legislature upon such commissions, unless the Legislature was prohibited from making such levy by the Constitution of the state or that of the United States. If the levy was valid, and the assessment regularly and duly made and turned over to the tax collector for collection, then the tax collector performed a duty imposed

by law upon him when he proceeded in the manner stated in the agreed statement of facts upon which this case was submitted.

[2] Counsel for appellee argues in his brief for a distinction to be drawn here between the words "taxable property" as used in sections 3 and 4 of the said Revenue Act of 1919, and the words "subjects of taxation," as used in section 5 of said act. There can be no doubt that some subjects of taxation are not property within the ordinary meaning of such words; but, when the Legislature has authority to levy a tax upon such a subject of taxation, and does it, it is immaterial that it lists such subject of taxation as taxable property. In the case under consideration, the Legislature had authority to levy the tax in question "on the gross amount of commissions or sums charged and received" and did so levy it; and it is immaterial whether it is, ordinarily speaking, a "subject of taxation" or "taxable property." The Revenue Act of 1915, by its grammatical structure, makes the legislative intent clearer than does the Revenue Act of 1919. See sections 6 and 7 of General Revenue Act of 1915 (Acts 1915, pp. 389, 390, 391, 392, and 393).

As to the authority of the Legislature in matters of taxation, we quote the following from Cooley on Taxation (3d Ed.) pp. 9 and 10:

"Everything to which the legislative power extends may be the subject of taxation, whether it be person or property, or possession, franchise, or privilege or occupation or right. Nothing but express constitutional limitation upon legislative authority can exclude anything to which the authority extends from the grasp of the taxing power, if the Legislature, in its discretion, shall at any time select it for revenue purposes; and not only is the power unlimited in its reach as to subjects, but in its very nature it acknowledges no limits, and may be carried even to the extent of destruction, thus becoming in its exercise the power to destroy. If the power be threatened with abuse, security must be found in the responsibility of the Legislature that imposes the tax to the constituency which must pay it. The judiciary can afford no redress against oppressive taxation, so long as the Legislature, in imposing it, shall keep within the limits of legislative authority, and violate no express provision of the Constitution. The necessity for imposing it addresses itself to the legislative discretion, and it is, or may be, an urgent necessity, which will admit of no property or other conflicting right in the citizen while it remains unsatisfied."

[3] In our opinion, it is immaterial whether this tax be considered a property tax or an excise tax so far as the validity of the levy is concerned. Since it was levied in the manner of an ad valorem property tax, it was undoubtedly the legislative intent that it should be assessed by the tax assessor and board of review, as was done in this case, and should be collected by the tax collector as was done in this case. Since this was the legislative intent in regard to such a case, the fact that the Legislature, in another part of said act levied an excise tax of another kind to be collected by a different method, and making it a misdemeanor for such dealer to carry on such business without paying such license is immaterial, so far as invalidating the levy on such gross commissions, since the Legislature was acting within its authority in both instances.

[4] There are no express provisions of the Constitution of Alabama restricting the authority of the Legislature in levying excise taxes. W. U. Tel. Co. v. State Board of Assessment, 80 Ala. 273, 60 Am. Rep. 99.

The foregoing opinion was written with reference to the Constitution of 1875, but no change affecting the matter there decided was effected by the adoption of the Constitution of 1901.

In the case of Phœnix Assurance Co. of London v. Fire Department of City of Montgomery, 117 Ala. 653, 23 So. 850, 42 L. R. A. 468, where a tax levy was considered, our Supreme Court says:

"In conclusion, we cannot single out any clause or section of the Constitution the statute offends—we cannot say that it was not an exercise of legislative power; and neither being clearly apparent, the duty of the courts is to enforce it according to the legislative will and intent. If, as is complained, the tax is onerous—if, as compared with the taxation of the business of other corporations, there is inequality—these considerations belong to the legislative department, and its determination is conclusive upon the judiciary."

[5] Whether the tax so levied is to be considered, strictly speaking, a tax on the business of dealing on commission, and therefore an excise tax or an ad valorem tax on the value of the commissions earned and received as property, the levy is within legislative authority and therefore valid.

The Constitution does not expressly provide the manner in which an excise tax shall be levied or the extent to which such taxes may be levied.

For the reasons set out, it is our opinion that the trial court erred in rendering judgment for plaintiff in the court below, appellee here.

Reversed and remanded.